[807 NYS2d 900]

In the Matter of DAVID M. STANTON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 3, 2006

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 9, 1992, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of a client in securing payments from the employee benefit plan of her deceased husband and arising from his use of his attorney trust account. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admits that he failed to maintain required records of disbursements made on behalf of his client, failed to deposit the client's funds into an interest-bearing account, and collected a legal fee that was determined to be excessive. Additionally, he admits that he deposited into his trust account fees earned in assigned counsel matters.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into his possession and render appropriate accounts to the client regarding them; and

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9])—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, special accounts, ledger books and in any other books of account kept by him in the regular course of his practice.

We have considered the matters submitted by respondent in mitigation, including that he achieved a favorable result for his client, disbursed funds in accordance with her directives, and

kept her advised regarding those disbursements. Additionally, we have considered that respondent participated in fee dispute arbitration and promptly paid to the client the portion of the fee determined to be excessive. With regard to the deposit of earned fees into his trust account, we have considered the statement of respondent that he acted under the erroneous belief that he was required to do so because a portion of the funds was owed to third parties. Finally, we note that respondent has an otherwise unblemished record and has submitted character references attesting to the substantial amount of pro bono work that he has performed. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of censure entered.